# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-833 | **DATE** | 8/3/11 |
| **CASE TITLE** | Nicholson v. Pulte Homes Corp. et al. | | |

**DOCKET ENTRY TEXT**

Costs are taxed against Plaintiff Nicholson in the amount of $2,522.96. For further details, see statement below. Enter bill of costs. Status hearing set for 8/31/11 is vacated.

■ [ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Donna Nicholson initiated this action on February 9, 2010. In her two-count Complaint, Nicholson alleged that Defendants, Pulte Homes Corp. and Chris Naatz, interfered with her right to take leave under the Family and Medical Leave Act and also retaliated against her for asserting rights under that act. On January 11, 2011, Defendants moved for summary judgment on both claims. On May 3, 2011, the motion was granted in its entirety.

Defendants submitted a Bill of Costs on June 2, 2011. They request $2,889.71($2,522.96 for "fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case" and $366.75 for "fees for exemplification and copies of papers necessarily obtained for use in the case"). Nicholson objects.

Federal Rule of Civil Procedure 54(d)(1) provides that costs, other than attorney's fees, should be allowed to the prevailing party. Allowable costs are set forth in 28 U.S.C. § 1920. Among other things, they include "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case" and "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). "Taxing costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

Nicholson argues that Defendants failed to provide sufficient evidence in support of their claimed expenses. An attorney for Defendants signed this district's standard form declaration, swearing under penalty or perjury that the listed costs are correct and necessarily incurred. Defendants also attached a "Disbursement Detail," which appears to be a computer-generated report from the attorney's billing system.

Three entries on that report are labeled "Depositions/Transcripts, Exams." Each deponent is identified on the report, as is the date of the deposition, and the reporting service. The amounts listed are as follows: $1,674.56 for Nicholson's deposition; $495.60 for Maria Carmella Wilhelm's deposition; and $352.80 for Defendant Naatz's deposition. Nicholson does not assert that the charges are unreasonable; she asserts that she is unable to determine the reasonableness of Defendants' request because the report does not include information as to the per-page rate of the deposition transcripts. This argument is unpersuasive. In their Reply to Nicholson's Objections, Defendants have submitted an affidavit from counsel, which states,

## STATEMENT

among other things, the number of pages for each of the three transcripts – facts of which Nicholson was undoubtedly aware. Local Rule 54.1 provides that costs recoverable for deposition transcripts are limited by the copy rate established by the Judicial Conference of the United States and that a party can recover only the cost of the original transcript, one copy for each counsel, and one copy for the court. Those rates are currently set at $3.65/page for the original copy, $0.90/page for a copy to each party, and $0.60 for each additional copy. *See* United States District Court for the Northern District of Illinois Maximum Transcript Rates, *http://www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm* (last visited July 14, 2011). Defendants' deposition charges do not exceed those figures. Defendants certainly would have made the Court's job easier by submitting an affidavit with their Bill of Costs that specifically broke down the per-page calculations, but the evidence provided as to the total pages of each deposition is sufficient to allow the Court to determine that the charges are allowable by dividing the cost of each deposition by the specific number of pages. And as Nicholson is aware, each of those deposition transcripts was relied upon in support of Defendants' motion for summary judgment. Costs shall be taxed against Nicholson in the amount of $2,522.96 for deposition transcripts.

    The costs requested for exemplification and copies will not be taxed. Only necessary costs can be recovered, and costs for copies for the convenience of Defendants' counsel are not recoverable. *See Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994). The entries on Defendants' billing statements are far less detailed with regard to copies as compared to the entries with regard to deposition transcripts. Each entry shows the "timekeeper," the date, the number of copies (i.e., pages), and the cost per page ($0.15). None of the entries show *what* was copied, *why* those copies were necessary, or for *whom* those copies were made. A few entries do have a description such as "DSCVY" or "EXHIBITS," but those entries do not establish that costs are allowable and necessary. No costs shall be taxed for exemplification and copies.